IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Gene E. Kurak                                                                                                  Plaintiff

v.                                      No. 1:15-CV–62-KGB-JTK

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                                Defendant

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Gene E. Kurak[3] seeks judicial review of the denial of his application for disability insurance benefits (DIB).[4] In the past, Kurak worked as a truck driver,[5] but in October 2005, he stopped driving trucks to assist his wife in caring for his mother-in-law.[6] Kurak claims he has been disabled since August 2009. This date is important to Kurak's claim because he applied for DIB after insured status expired. Kurak based his claim on idiopathic thrombocytopenia purpura and a bad back.[7]

**The Commissioner's decision**. The challenged decision covers the time period August 1, 2009 — the day Kurak claims he became disabled — to March 31, 2011 — the day insured status expired. For this time period, the Commissioner's ALJ identified thrombocytopenia, splenomegaly, essential hyperglyceridemia, hypercholesterolemia, and hypertension as severe impairments.[8] The ALJ determined Kurak could have done

---

[3]The record indicates the claimant's name is Elmer E. Kurak," but his complaint reflects "Gene E. Kurak."

[4]SSA record at p. 126 (applying on Apr. 2, 2012 and alleging disability beginning Aug. 1, 2009).

[5]*Id*. at pp. 142 & 151.

[6]*Id*. at p. 141.

[7]*Id*.

[8]*Id*. at p. 12.

2

medium work and denied the application.[9]

After the Appeals Council declined to review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11]  Kurak filed this case to challenge the decision.[12]  This recommendation explains why the court should affirm the decision.

**Kurak's allegations**.  Kurak contends the ALJ should have identified lumbar spondylosis as a severe impairment and considered the impairment in determining his ability to work.  He suggests the ALJ failed to fully and fairly develop the record about the onset date of lumbar spondylosis.  For these reasons, he maintains substantial evidence does not support the decision.[13]

**Applicable legal principles**.  In reviewing a decision denying an application for DIB, the court must determine whether substantial evidence supports the decision.[14]

---

[9]*Id*. at pp. 13 & 21.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]Docket entry # 8.

[14]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

Substantial evidence exists if a reasonable mind will accept the evidence as adequate to support the decision.[15]

**Substantial evidence supports the decision**.  To obtain DIB, a claimant must prove he was disabled before insured status expires.[16]  A claimant must prove disability with medical evidence; his allegations are not enough.[17]  These principles are dispositive of this case because Kurak relies on back pain flowing from lumbar spondylosis.

Before insured status expired, Kurak was treated for chronic conditions.  Those conditions remained stable.[18]  Kurak complained about back pain for the first time in

---

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[16]*See* 42 U.S.C. §§ 416(i), 423(c).  "In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status."  *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

[17]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which … would lead to a conclusion that you are disabled.").

[18]SSA record at p. 266 (Sept. 16, 2009: overall, he continues to do well); p. 233 (Nov. 6, 2009: blood pressure well controlled, thrombocytopenia stable); p. 263 (Mar. 17, 2010: thrombocytopenia, doing well overall); p. 260 (Sept. 15, 2010: thrombocytopenia continues to do well) & p. 256 (Mar. 16, 2011: overall, continues to do well).

October 2012.[19] At that time, X-ray imaging showed severe spondylosis, predominantly affecting levels L4/5 and L5/S1;[20] magnetic resonance imaging showed mild degenerative changes.[21] These findings could cause back pain, but the medical evidence falls 18 months after insured status expired. It does not bear on Kurak's condition for the time period for which benefits were denied.[22]

Kurak suggests that the ALJ should have developed the record about the onset date of spondylosis, but he hasn't shown how an onset case would change the result.[23] Even if spondylosis existed before insured status expired, Kurak's failure to seek treatment indicates his symptoms did not significantly limit his "ability to do basic

---

[19]*Id*. at p. 300.

[20]*Id*. at p. 306.

[21]*Id*. at p. 304.

[22]*Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) ("Evidence is material if it is 'relevant to claimant's condition for the time period for which benefits were denied.'"); *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) ("An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition.").

[23]*Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (to show harmful error, the claimant "must provide some indication that the ALJ would have decided differently if the error had not occurred." ); *Combs v. Astrue*, 243 Fed. App'x 200, 205 (8th Cir. 2007) (claimant who claims ALJ failed to adequately develop the record bears a heavy burden; claimant "must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.").

work activities."[24]  The existence of spondylosis does not establish disabling symptoms.

According to agency medical experts, Kurak could have done medium work before insured status expired.[25]  A reasonable mind will accept the medical opinion evidence and the medical evidence as adequate to support the determination that Kurak could have done medium work.  The ALJ correctly observed that the medical-vocational guideline rules direct a conclusion of "not disabled" during the time period for benefits were denied.[26]  The ALJ properly denied the application.

### Conclusion and Recommendation

Substantial evidence supports the ALJ's decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Kurak's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 29th day of January, 2016.

_____
United States Magistrate Judge

---

[24] 20 C.F.R. § 404.1521(a).

[25] SSA record at pp. 278-85 & 288.

[26] 20 C.F.R. pt. 404, subpt. P, app. 2, rules 203.07 & 203.15.